## THE STATE v. CLARENCE ROAN, Appellant.

**Division Two, June 29, 1909.**

**BILL OF EXCEPTIONS: No Motion for New Trial.** Where what purports to be a bill of exceptions does not contain, or call for, the motions for a new trial and in arrest of judgment, and does not contain any exceptions to the overruling of those motions, there is nothing for the Supreme Court to review except the record proper; and in such case, if the information is sufficient, and the arraignment, the verdict and sentence are in due and proper form, the judgment will be affirmed.

Appeal from Madison Circuit Court.—*Hon. Chas. A. Killian*, Judge.

Affirmed.

*Elliott W. Major*, Attorney-General, and *John M. Atkinson*, Assistant Attorney-General, for the State.

(1) What purports to be the bill of exceptions in this cause does not contain the motions for a new trial or in arrest of judgment, nor any exceptions to the overruling of the same. There is nothing for this court to review, except the record proper, and the

judgment should be affirmed. State v. Finley, 193 Mo. 202; State v. Penland, 199 Mo. 152; State v. Miller, 189 Mo. 673. (2) There is nothing before this court except the record proper, and no error appearing therein, the judgment should be affirmed. State v. Nicholas, 193 Mo. 214; State v. Sparks, 191 Mo. 162.

*Jasper N. Burks* and *Marbury & Hensley* for appellant in reply.

When defendant's case was called, both the State and defendant announced ready for trial; and the sheriff was ordered to summon a sufficient number of men, which he did; and after a panel of forty was qualified upon their examination, the clerk delivered to the prosecuting attorney the list of said jury. The representatives of the State kept the list, without turning it over to the representatives of defendant, until the expiration of the twenty-four hours, whereupon the State by its prosecuting attorney dismissed the information against defendant without stating any cause whatsoever; and it was charged then and there by the representatives of defendant, in open court and afterward in their motion for a new trial, that the State dismissed the information against defendant for the sole purpose of getting rid of that jury, the personnel of which they did not like, and were afraid to submit the cause to any twelve that might be chosen therefrom. The prosecuting attorney immediately filed a *verbatim* copy of the information theretofore just dismissed, and announced ready for trial and insisted that all the witnesses were present and it would be too expensive to continue the cause by reason of the said alleged information having just been filed. Defendant was in jail, without money and without friends; his witnesses were present, and he was reluctantly forced, also, to announce ready for trial. The case went to trial and resulted in a verdict of guilty of murder in the second degree,

and defendant's punishment was fixed at fifteen years in the penitentiary. Thereafter defendant filed his motion for new trial and his motion in arrest of judgment, both of said motions being filed on the day the verdict was rendered. The court, by its order of record, granted defendant permission to perfect his appeal as a poor person and at the cost of the State, and directed the circuit clerk to cause to be made the proper bill of exceptions. The official stenographer was directed to prepare the transcript within a certain time. The attorneys for defendant reside in Farmington. From the day the aforesaid order was made until this hour there was not presented to either of the attorneys for defendant the transcript of the testimony nor the bill of exceptions for them or either of them to look over and agree to, but whatever may have been prepared was prepared by the stenographer of the circuit court without any knowledge or information of defendant or his attorneys. Defendant's attorneys do not know the condition of the bill of exceptions now on file with the clerk of the Supreme Court, but are advised by the clerk of the circuit court of Madison county and by the brief of the Attorney-General that the bill of exceptions does not show defendant's motion for a new trial. Defendant, by his attorneys, have filed with the clerk of this court his motion suggesting the diminution of the record in this cause and ask for a rule upon the circuit clerk directing him to certify to this court a true and correct record, and now respectfully insists that said motion be granted. If it be true that certain technical prerequisites to a perfect and sufficient bill of exceptions are lacking and cannot be supplied by order of this court, then defendant must humbly submit to the ruling of this court and serve his term of fifteen years in the penitentiary; believing, however, that had a proper bill of exceptions been prepared as directed by the circuit court and submitted to his attorneys

this court would reverse and remand his cause for another trial. If it is within the sound discretion of this court, however imperfect the bill of exceptions may be shown to be, to consider this one point, we urgently but respectively request them to do so, and that is this: That the trial court erred in overruling defendant's motion for a new trial, for the reason that no venue was proven. The venue must be proven by direct or circumstantial evidence. We challenge the Attorney-General to find, by direct or circumstantial evidence, one scintilla of evidence relating to the venue of this case. The venue in criminal cases must be proven either by direct or circumstantial evidence; and the failure to prove the venue is fatal for the reason that the court cannot take jurisdiction of the case unless the venue is proven. State v. King, 111 Mo. 577; State v. McGinnis, 74 Mo. 245; State v. Hartnett, 75 Mo. 251; State v. Hughes, 82 Mo. 86; State v. Burgess, 75 Mo. 541.

GANTT, P. J.—On the 10th day of July, 1907, the prosecuting attorney of Madison county filed an information in the circuit court of said county, duly verified, wherein he charged the defendant with murder in the first degree of one Walter Stites on October 24, 1906. The defendant was duly arraigned and entered a plea of not guilty, and was afterwards tried and found guilty by a jury, of murder in the second degree, and his punishment assessed at fifteen years in the penitentiary. After ineffectual motions for new trial and in arrest of judgment, he has brought the case to this court by appeal.

The information in the case is sufficient in form and substance and such as has been approved by this court, and it is unnecessary therefore to set it forth at length in this opinion. What purports to be the bill of exceptions in this cause does not contain or call

for the motions for a new trial and in arrest of judgment, nor any exceptions to the overruling of the same. There is nothing for this court to review except the record proper, and as the information is sufficient and the arraignment, the verdict and sentence are all in due and regular form, the judgment must be and is affirmed.

*Burgess* and *Fox, JJ.*, concur.